UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEO NICHOLAS,

             Plaintiff,

   v.

JOSEPH LEHMAN,

             Defendant.

Case No.  C04-5857RBL

REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S I.F.P. APPLICATION

Noted for April 29, 2005

     The court has reviewed petitioner's application for leave to proceed *in forma pauperis* (Doc. 8). The court finds and recommends:

     (1).  Plaintiff's application indicates that has no money currently in his account at the Special Commitment Center, but  he has a monthly income of approximately $300.00, earning approximately $150.00 every other week..

     (2).  The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed in forma pauperis.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).  Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when the plaintiff is able to pay the initial expenses required to commence a lawsuit.  *See* Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v.

Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

(3) Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*, allow plaintiff a reasonable time period to pay the full filing fee, and/or impose a reasonable partial filing fee. i.e., $75.00 - $100.00 due within 30 days fo the Court's order.  Given, plaintiff's monthly income and status as a resident of SCC, he has not shown that he is unable to pay the full filing fee ($150.00) or a partial filing fee to proceed with his lawsuit.

(4) Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 29, 2005**, as noted in the caption.

DATED this 4th day of April, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

Report and Recommendation
Page - 2