UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEO NICHOLAS

    Plaintiff,

v.

JOSEPH LEHMAN,

    Defendant.

Case No. C04-5857RBL

REPORT AND RECOMMENDATION

**NOTED FOR:**
**April 7th, 2006**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). This action was commenced on December 14th, 2004 when plaintiff filed for *in forma pauperis* status. (Dkt. # 1). Plaintiff was not granted *in forma pauperis* status and paid the filing fee June 6th, 2005. In July the court ordered plaintiff to amend the complaint as the original complaint was deficient. (Dkt. #13). Plaintiff filed the amended complaint September 8th, 2005. (Dkt. # 17).

    Between September 8th, 2005 and January 6th, 2006 there was no activity in the case. The court then entered an order to show cause as there is nothing in the file to indicate plaintiff served the action on the only named defendant. (Dkt. # 18). Since that time plaintiff has filed untimely and moot objections regarding the issue of *in forma pauperis* status. (Dkt. # 19 and 20). The plaintiff

ORDER- 1

1 has not responded to the court's order to show cause.

2 Having reviewed the file the court concludes that this action was not properly served and
3 should be **DISMISSED WITHOUT PREJUDICE.**

4 DISCUSSION

5 Normally a person has 120 days to serve the defendants.  Federal Rule of Civil Procedure 4
6 (m)  indicates that if service of a summons and complaint is not made within 120 days of filing the
7 court shall dismiss without prejudice unless the plaintiff can show good cause why service was not
8 made within that time.  Ignorance of the rules is not good cause.  Townsel v. County of Contra
9 Costa, 820 F.2d 319, 320 (9th Cir.1987).  This case was re-opened June 6th, 2005.  It has been more
10 then120 days and no defendant has been served.

11 The above analysis and a plain reading of the rule would appear to indicate that dismissal
12 without prejudice is in order, but the standard of review is abuse of discretion which indicates the
13 court has discretion in deciding if dismissal is proper.  Wei v. State of Hawaii, 763 F.2d 370, 371
14 (9th Cir. 1985).

15 The 9th Circuit has indicated that failure to comply with the service requirements does not
16 mandate dismissal and the rule should be given liberal and flexible construction as long as the
17 defendant receives sufficient notice of the complaint.  United Food & Commercial Workers Union v.
18 Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).  Failure to follow technical requirements does
19 not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b)
20 the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse
21 for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were
22 dismissed."  Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

23 Here, there is no indication defendant Lehman is aware of this action.  Further, plaintiff has
24 ignored court orders and is now filing moot pleadings regarding *in forma pauperis* status.  The filing
25 fee in this case has been paid in full.  (Dkt. # 12).  This action should be **DISMISSED WITHOUT**
26 **PREJUDICE.**  A proposed order accompanies the Report and Recommendation.

27 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
28 ORDER- 2

parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 7th, 2006**, as noted in the caption.

DATED this 13th day of March, 2006.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER- 3